UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |                              |
|---|---|---|
| JOSEPH LEGRANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-11846-LTS |
| | ) | |
| JEFFREY GRONDOLSKY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER ON
<u>PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS</u>

September 22, 2014

SOROKIN, D.J.

      Petitioner, Joseph Legrano, an inmate at the Federal Medical Center, Devens, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on the basis of actual innocence under <u>Bailey v. United States</u>, 516 U.S. 137 (1995). In opposition, Respondent, Jeffrey Grondolsky, asserts that the procedural restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified in 28 U.S.C. § 2255, divest this Court of jurisdiction to hear Legrano's petition. Grondolsky also urges denial, contending that Legrano's claim of actual innocence is meritless.

      For the reasons that follow, Legrano's petition for writ of habeas corpus, Doc. No. 1, is DENIED.

I.      BACKGROUND

On August 14, 1995, after a jury trial in the Eastern District of New York, Legrano was convicted of three counts: murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) (Count I); conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (Count II); and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count III). Doc. No. 1 at 2; Doc. No. 6 at 2.

After Legrano's conviction, but before his sentencing, the Supreme Court decided Bailey v. United States, in which the Court narrowed the definition of "use" of a firearm. 516 U.S. 137. Legrano raised no objection to his conviction before the trial court in light of this Supreme Court's decision.

Subsequently, the district court proceeded to sentencing. The district court granted Legrano a downward departure from the sentencing guidelines for Counts I and II based on his medical condition. Doc. No. 1 at 1, 2; Doc. No. 6 at 2-3. Accordingly, he was sentenced to twenty years imprisonment followed by five years of supervised release for Count I, and a concurrent ten-year term followed by three years of supervised release for Count II. Doc. No. 6 at 3. For the § 924(c) violation, Legrano received the mandatory minimum of five years imprisonment, and three years of supervised release, to be served consecutively with respect to Counts I and II. Id.; Doc. No. 1 at 2. Because Legrano was serving time on an unrelated matter, the court ordered his sentence to begin on November 1, 1997, one year after the November 1, 1996 date of sentencing. Doc. No. 6 at 3. Legrano was represented by counsel both at trial and at sentencing. See United States v. Legrano, No. 93-CR-01231-ARR-1 (E.D.N.Y. Aug. 14, 1995), available at https://www.pacer.gov. Legrano did not raise Bailey in a post-trial motion or at his sentencing. See Doc. No. 1 at 2; Doc. No. 6 at 10.

In October 1997, on a direct appeal that challenged evidentiary rulings and raised an issue under Brady v. Maryland, 373 U.S. 83 (1963), the Second Circuit affirmed Legrano's conviction. Doc. No. 6 at 3; Doc. No. 1 at 2; see United States v. Delucia, 125 F.3d 845 (2d Cir. 1997). Legrano was represented by the attorney who counseled him at his sentencing. Delucia, 125 F.3d 845. Legrano did not raise Bailey in his appeal. See Doc. No. 1 at 2; Doc. No. 6 at 10.

Thereafter, Legrano initiated three collateral attacks challenging his conviction and/or sentence. Doc. No. 6 at 3-7; Doc. No. 1 at 2-3. First, in 1998, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255 "based on newly discovered evidence and another BRADY violation."[1] Doc. No. 1 at 2; see Doc. No. 6 at 3. Legrano was represented by new counsel. See Legrano, No. 98-CV-06115-ARR. Again, Legrano did not raise Bailey. See Doc. No. 1 at 2. The district court denied his petition on February 8, 1999, and both the district court and the Second Circuit declined to issue a certificate of appealability. Doc. No. 6 at 4; Doc. No. 1 at 2.

Second, in 2009, Legrano filed a pro se request for issuance of a writ of *audita querela*, challenging his consecutive five-year sentence for the § 924(c) conviction as being inconsistent with the language of the statute. Doc. No. 6 at 4; Doc. No. 1 at 2. The district court denied his petition, finding that the writ of *audita querela* was not available to Legrano because he had no colorable claim of a constitutional violation. Doc. No. 6 at 4; see Legrano v. United States, No. 09-CV-05505-ARR-LB, 2010 WL 3419683, at * 1 (E.D.N.Y. Aug. 25, 2010). In particular, the version of the statute on which Legrano relied did not apply because its effectiveness post-dated his conviction. Doc. No. 1 at 2; see Legrano, 2010 WL 3419683, at * 2. This petition did not raise a Bailey issue.

---

[1] The docket for Legrano v. United States, No. 98-CV-06115-ARR (E.D.N.Y. Feb. 8, 1999), is available at https://www.pacer.gov.

3

Third, on September 15, 2010, Legrano filed a pro se motion for a writ of *audita querela* or a writ of error *coram nobis*, pursuant to the All Writs Act, 28 U.S.C. § 1651. Doc. No. 6 at 5; Doc. No. 1 at 2; see Opinion & Order at 1, Legrano v. United States, No. 10-CV-04258-ARR-RML (E.D.N.Y. May 3, 2011), ECF No. 6. In his petition, Legrano alleged that "Petitioner is actually innocent of the 924(c) charge because the jury was permitted to convict him for mere possession of a gun, contrary to a subsequent retroactive Supreme Court case," that being Bailey, supra. Complaint at 1, Legrano, No. 10-CV-04258-ARR-RML, ECF No. 1; see Doc. No. 1 at 2. On May 3, 2011, the district court denied Legrano's petition, finding that common law writs could not be used to circumvent the procedural requirements of AEDPA, and thus, were unavailable to Legrano because he could have raised his claims in his first timely § 2255 petition, but did not. Opinion & Order at 3, Legrano, No. 10-CV-04258-ARR-RML, ECF No. 6; Doc. No. 6 at 5; Doc. No. 1 at 3. The Court further stated, "[t]hat his failure to do so bars him from asserting these claims now does not raise serious constitutional questions." Id. at 3.

Legrano moved for reconsideration on two bases: 1) the Court had failed to consider his argument that his actual innocence under Bailey, his medical condition, and ineffective assistance of counsel were grounds for excusing his procedural default and to allow a hearing on the merits; and 2) by not reaching the merits of Legrano's claims the Court had suspended the writ of habeas corpus in violation of the Suspension Clause. Doc. No. 1 at 3; see Motion for Reconsideration of the Court's 5/3/11 Opinion & Order at 1, 2, Legrano, No. 10-CV-04258-ARR-RML, ECF No. 7. The Court rejected Legrano's arguments, finding that the essence of his petition was a second or successive § 2255 motion, and as such, he had not complied with the jurisdictional predicate requirements of 28 U.S.C. § 2255(h). Legrano v. United States, 10-CV-4258-ARR, 2011 WL 3651043, at *1 (E.D.N.Y. Aug. 16, 2011), aff'd, 513 F. App'x 6 (2d Cir.

4

2013). On de novo review, the Second Circuit affirmed, noting that even if Legrano had brought his petition as a successive § 2255 motion, the Court "would deny relief on the ground that the claims raised in his petition do not rely on any 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable' or any newly discovered evidence within the meaning of § 2255(h)." Legrano v. United States, 513 F. App'x 6, 7 n.1 (2d Cir. 2013) (summary order), cert. denied, 133 S. Ct. 2874 (U.S. 2013).

Legrano now brings a fourth collateral attack, this time pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence under § 924(c) and using the same underlying arguments he raised in his third collateral attack, namely that, he is actually innocent under Bailey, his procedural default should be excused due to his medical condition and ineffective assistance of counsel, and not reaching the merits of his case violates the Suspension Clause.

II. LEGAL FRAMEWORK

A federal prisoner may challenge the validity of his sentence or conviction by filing a petition under 28 U.S.C. § 2255. 28 U.S.C. § 2255(a); Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). A § 2255 petition must be brought in the sentencing court. 28 U.S.C. § 2255(a); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000). Under the procedural restrictions imposed by AEDPA:

> [A] prisoner may file a second or successive § 2255 petition only if the court of appeals first certifies that the petition is based on either:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Barrett, 178 F.3d at 40-41 (quoting 28 U.S.C. § 2255).

Typically, "[f]ederal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences[.]" Barrett, 178 F.3d at 50 n.10. "[A] § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian[.]" Id. Nonetheless, under the "savings clause" of § 2255, in limited circumstances, a federal prisoner may challenge the *validity* of his sentence by bringing a § 2241 petition in the jurisdiction of his incarceration. Barrett, 178 F.3d at 49-52 (agreeing with other circuits reaching Bailey claims via § 2241 petition under savings clause that said method remains available under AEDPA while declining to articulate comprehensive circumstances of applicability in First Circuit); see Trenkler, 536 F.3d at 95-98 (addressing use of common law writs as "gap-filling approach" to remedial scheme of § 2255 and acknowledging § 2255 "does not completely occupy the field" where § 2255's savings clause applies).

The savings clause[2] provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Though the First Circuit has not fully defined the circumstances under which a prisoner may access the savings clause it has made clear that the clause may not be invoked to nullify the limitations imposed by AEDPA. Barrett, 178 F.3d at 50; Fortune v. United States, No. 11-40012-RWZ, 2011 WL 720262, at *2 n.2 (D. Mass. Feb. 22, 2011).

"[C]ourts have allowed recourse to the savings clause in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions

---

[2] The savings clause predated AEDPA and has been preserved by Congress to date. See Act of June 25, 1948, ch. 646, 62 Stat. 967 (current version at 28 U.S.C. § 2255 (2008)).

would result in a 'complete miscarriage of justice[.]'" Trenkler, 536 F.3d at 99 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). In particular, "[m]ost courts have required a credible allegation of actual innocence to access the savings clause." Trenkler, 536 F.3d at 99; accord Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), cert. denied, 133 S. Ct. 2873 (2013). In Sustache-Rivera, the First Circuit noted:

> The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute,[] a prisoner is not guilty within the new meaning attributed to the statute. . . . The savings clause has to be resorted to for such a statutory claim because Congress restricted second or successive petitions to constitutional claims.

221 F.3d 8, 16 (1st Cir. 2000) (footnote and internal citations omitted); see Wherry v. Grondolsky, No. 10-40159-FDS, 2010 WL 4273807, at *1 (D. Mass. Oct. 28, 2010). In Bailey, the Supreme Court rendered such a decision, overruling several circuit courts by narrowing the definition of "use" of a firearm in § 924(c). Sustache-Rivera, 221 F.3d at 16 n.14; see Triestman v. United States, 124 F.3d 361, 373-78 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

III. DISCUSSION

Legrano acknowledges that his petition does not meet AEDPA's gate-keeping requirements as a second or successive motion under § 2255. Doc. No. 1 at 4; see 28 U.S.C. § 2255(h). Nevertheless, he argues that his purported actual innocence, pursuant to Bailey, affords him the right to access the savings clause of § 2255, and to file a § 2241 petition in this Court to invalidate his § 924(c) conviction. Doc. No. 1 at 2. To succeed, Legrano must show that his remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); Portocarrero v. Grondolsky, No. 09-40207-DJC, 2013 WL 101600, at *2 (D. Mass. Jan. 4, 2013). He does not carry his burden.

7

"The essential function [of habeas corpus] is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." Barrett, 178 F.3d at 51 (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)). "A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements." Barrett, 178 F.3d at 50. "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification.'" Trenkler, 536 F.3d at 99 (emphasis original).

The configuration of § 2255 was not a bar to Legrano's Bailey claim. See id. Bailey was decided on December 6, 1995, approximately four months after Legrano's conviction, and nearly one year before he was sentenced. 516 U.S. 137. Thus, Legrano could have raised his Bailey claim in a post-trial motion before the trial judge, on his direct appeal, or in his first § 2255 petition, which he filed in 1998. He did not, thereby procedurally defaulting the claim and rendering § 2241 unavailable as a means to challenge his conviction, unless the law excuses the default.[3] See Sustache-Rivera, 221 F.3d at 17.

Legrano asks the Court to excuse his procedural default. Assuming cause and prejudice can excuse the default and permit access to the savings clause, Legrano has the burden to show cause and prejudice. Bousley, 523 U.S. at 62. Legrano alleges ineffective assistance of counsel and compromised health, though he does not explain how his health affected matters where he had separate and distinct legal representation for his direct appeal and for his § 2255 petition.

---

[3] The First Circuit has concluded that, under Bousley v. United States, 523 U.S. 614 (1998), even a pre-Bailey petitioner who did not raise a Bailey challenge to the interpretation of the "use prong" of § 924(c), procedurally defaulted such a claim. Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999); accord Simpson v. Matesanz, 175 F.3d 200, 211-12 (1st Cir. 1999).

8

Also, he does not explain how his several counsel were ineffective, except to suggest that the failure to raise a potential Bailey claim, alone, constitutes such a defect. He has not alleged any acts or omissions that purportedly were not the result of reasonable professional judgment. See Strickland v. Washington, 466 U.S. 668, 690 (1984). This is insufficient to demonstrate cause for his default. See Bousley, 523 U.S. at 623 n.2 (1998) (citing Engle v. Isaac, 456 U.S. 107, 134 (1982)); Glacken v. Dickhaut, 585 F.3d 547, 551 (1st Cir. 2009). Legrano also has not shown prejudice.

The First Circuit has not addressed directly whether a petitioner who is invoking the savings clause on a procedurally defaulted claim for which he cannot show cause, may proceed, nonetheless, on the basis of actual innocence. Under Bousley, which was not a savings clause case, claims not raised on direct review may be raised in habeas only if the petitioner shows *either* cause and actual prejudice, *or* actual innocence. 523 U.S. at 622; Barrett, 178 F.3d at 40; but see Gonzalez v. United States, 150 F. Supp. 2d 236, 244 (D. Mass. 2001) (before savings clause of § 2255 can be invoked petitioner must show he was unable to bring claim earlier); Gonzalez v. United States, 135 F. Supp. 2d 112, 122 (D. Mass. 2001), aff'd sub nom. Brackett v. United States, 270 F.3d 60 (1st Cir. 2001), abrogated by Johnson v. United States, 544 U.S. 295 (2005). Both Gonzalez cases cite to Sustache-Rivera, 221 F.3d at 17, for support. The Court in Sustache-Rivera relied on Bousley, but did not address the exception Bousley carved out for actual innocence, perhaps because, as the Court noted, "Sustache [had] not made a claim of actual innocence; nor could he do so."[4] Sustache-Rivera, 221 F.3d at 19.

---

[4] In a 2009 unpublished decision, after concluding that the § 2241 petitioner did not meet the requirements of the savings clause, the First Circuit at least was willing to note that the petitioner's actual innocence claim failed on the merits. Cantrell v. Reno, 36 F. App'x 651, 652 (1st Cir. 2002) (per curiam) ("Moreover, Cantrell has not demonstrated that he is actually innocent as his claims fail upon an examination of the merits.").

9

In any event, there has not been a "complete miscarriage of justice" here, and no justification to allow Legrano to avoid the gate-keeping provisions of AEDPA. See Trenkler, 536 F.3d at 99. Legrano has not demonstrated that he is actually innocent. Without any support, Legrano baldly alleges that at trial, the court "instructed the jury to convict him if they found that he had merely possessed a firearm during the course of the conspiracy," and asserts actual innocence under Bailey, because "simple possession alone wasn't a crime under the 924(c) statute when the alleged violation occurred." Doc. No. 1 at 2. He further alleges that the trial judge "never defined in any discernable [(*sic*)] manner what 'use' or 'carry' entailed." Doc. No. 1 at 3.

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). It is a rare and narrow exception, which requires a showing of "factual innocence, not mere legal insufficiency." Id.; Houlihan v. United States, 201 F.3d 427, at *2 (1st Cir. 1999) (per curiam) (unpublished opinion). At the time Bailey was decided, "[s]ection 924(c)(1) require[d] the imposition of specified penalties if the defendant, 'during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm.'" Bailey, 516 U.S. at 142-43 (superseded by statute as stated in Abbott v. United States, 562 U.S. 8, 25 (2010)). The holding in Bailey targeted only the "use" prong of § 924(c)(1), interpreting it to denote "active employment," and the Court explicitly noted that "[t]he carry prong of § 924(c)(1), for example, brings some offenders who would not satisfy the 'use' prong within the reach of the statute." Bailey, 516 U.S. at 150. Legrano makes no credible allegation of actual (factual) innocence, no assertion that he is innocent of violating § 924(c) under both its carry and use prongs, nor does he attempt to demonstrate that it is more likely than

10

not that no reasonable juror would have convicted him on the "carry" (or the "use" as defined by Bailey) prong of § 924(c). See Bousley, 523 U.S. at 623; Trenkler, 536 F.3d at 99. Thus, in no way is this case comparable to Little v. United States, No. 01-40077-RWZ, 2002 WL 1424581 (D. Mass. July 1, 2002).

Finally, Legrano's Suspension Clause claim has no merit. "The Supreme Court has already determined that the AEDPA 'second or successive' restrictions applicable to § 2254 do not violate the Suspension Clause, and that reasoning is applicable here." Barrett, 178 F.3d at 53 (concluding AEDPA's § 2255 "second or successive" restrictions do not violate Suspension Clause) (citing Felker v. Turpin, 518 U.S. 651, 664 (1996)).

IV. CONCLUSION

For the foregoing reasons, Legrano's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge